[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Danielle Muccino appeals the decision of the defendant Commissioner of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of ninety (90) days in accordance with the administrative license suspension provision of Connecticut's implied consent law, Conn. Gen. Stat. § 14-227b (revised to 1993).
The record indicates that the plaintiff was arrested by Trooper Covello on December 28, 1994 for violating Conn. Gen. Stat. § 124-227a. She was asked and consented to the taking of breath tests which resulted in readings of .154 and .136, well in excess of the .10 limit in Conn. Gen. Stat. §14-227b. The Commissioner of Motor Vehicles issued a suspension notice to the plaintiff pursuant to Conn. Gen. Stat. § 14-227b
on January 10, 1995. At the hearing, Trooper Covello's A-44 (police report) was admitted as State's Exhibit A (Item 3 of Record) and the box regarding certification of the machine and the operator was checked.
At the hearing Trooper Covello testified on direct examination as follows:
 Q. In particular, number three of the subpoena indicates copies of your original and later certification as an operator of the Intoximeter 3000 used by yourself in relation to this arrest?
A. I was informed by the state police academy CT Page 9924 I was originally certified in April of 1990 and every year thereafter they have this original in there which expires November 1994. (Hands to attorney.)
MR. COMERFORD: I like to have this mark.
 MR. CAREY: It will be marked as a Respondent's Exhibit.
 Q. So, in response to this subpoena you attempted to get the most recent certification from the State of Connecticut?
A. Correct.
 Q. Your most recent certification expired on November 20th, 1994; correct?
 A. We are certified every year. The only certification I can get on paper are those two right there.
 Q. So, pursuant to the subpoena that you were given to come to court (sic) today the only thing you have is a certification that expired on November 20th, 1994; correct?
A. That's correct.
 Q. This arrest took place on December 28th, 1994; is that correct?
A. That's correct.
Respondent's Exhibit I is a certification from the State of Connecticut, Department of Health Services indicating that Trooper Covello's certification to operate the breathalyzer expired on November 20, 1994. This document is signed bySandra Hawkins, Section Chief Toxicology.
Respondent also introduced as Exhibit 2 a letter to Attorney Comerford stating that Trooper Covello was most recently certified to operate the Intoximeter 3000 on November 30, 1993. This letter is signed by Catharine N. Rowe, PrincipalCT Page 9925Chemist, Department of Public Health and Addiction Services.
The trooper testified at the hearing and in response to the question of his certification he replied, "To the best of my knowledge, yes."
The plaintiff's attorney objected to the introduction of the blood tests on the basis that Trooper Covello was not properly certified.
On February 10, 1995, the hearing officer issued his decision and found as a subordinate finding that:
 "1. Trooper Covello was certified to operate the chemical testing device."
The plaintiff's license was suspended for ninety days and this appeal was instituted.
Conn. Gen. Stat. § 14-227b provides that the hearing shall be limited to a determination of four issues: 1) Did the police officer have probable cause to arrest the plaintiff; 2) was such person placed under arrest; 3) did such person submit to the testing and did the result of such test indicate that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one percent or more of alcohol, by weight; and 4) was such person operating the motor vehicle.
The plaintiff bears the burden of proving that the Commissioner's decision to suspend her non-resident operating privilege was "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." Conn. Gen. Stat. § 4-183(J)(5). Schallenkamp v. Delponte, 229 Conn. 31,39 (1994).
The issue on which the case turns is the finding that the trooper was certified at the time he conducted the testing. In the Schallenkamp case the plaintiff offered into evidence anunsigned document on the letterhead of the Department of Health Services indicating that the trooper's certification had lapsed. The countervailing evidence was the trooper's sworn affidavit on the form A-44.
In the instant case, the plaintiff's evidence of lack CT Page 9926 of certification went much further. Two signed documents from the State Department of Health Services from two separate officials strongly support the claim of lack of certification at the time of the testing which the hearing officer chose to ignore.
In her dissenting opinion in Schallenkamp, Justice Katz points out that the plaintiff s documents submitted to the hearing officer were unsworn and unsigned as distinguished from the present situation.
For these reasons, the finding of the hearing officer that the trooper was certified was not based on facts in evidence and the third prong set forth in § 14-227b(f) has not been established.
Because of the above finding, the court does not feel it necessary to review the additional ground for appeal.
The plaintiff's appeal is sustained and the case is remanded to the Department of Motor Vehicles for the reinstatement of the plaintiff's license.